IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN EARL GREEN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3376 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER OF DISMISSAL**

John Earl Green, a state inmate proceeding *pro se*, challenges his disciplinary conviction. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed, as follows.

*Background and Claims*

Petitioner reports that he received a disciplinary conviction on October 28, 2008, and was punished with temporary cell restriction, loss of commissary privileges, a reduction in line status, and loss of 450 days good time credit. His administrative appeals of the conviction were denied. He challenges the sufficiency of the evidence.

*Analysis*

According to well settled precedent, sanctions that merely change the conditions of an inmate's confinement do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational

privileges and cell restriction are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Id*. The Fifth Circuit has also determined that reductions in a prisoner's classification status and the potential impact on good time credit earning ability, whether for purposes of parole or mandatory supervised release, are not protected by the due process clause. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

The loss of good time credit itself, however, requires separate analysis. In order to challenge a prison disciplinary conviction by way of a federal habeas petition, a petitioner must be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *Id*. In the instant case, petitioner admits that he is ineligible for mandatory supervised release. (Docket Entry No. 1, p. 5.) Accordingly, no cognizable federal habeas claim is raised in this petition.

*Conclusion*

Habeas relief is DENIED and this petition is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on October 23, 2009.

Gray H. Miller
United States District Judge